UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X

BALDEMIRO LOPEZ,

                 Plaintiff,                            Index No. _____

       -against-

CORRECTION OFFICER ABDULLA ABDULLA,
CORRECTION OFFICER CHRISTOPHER ALEXANDER,
AND JOHN AND JANE DOE CORRECTION OFFICERS
OF SING SING CORRECTIONAL FACILITY,

                Defendants.
_____ X


_____

## COMPLAINT
_____

ANDREW C. LAUFER
Law Office of Andrew C. Laufer, PLLC
264 West 40th Street, Suite 604
New York, New York
10018
(212) 422-1020 (Phone)
(212) 422-1069 (Fax)
E-mail:  alaufer@lauferlawgroup.com

*Attorney for the Plaintiff*

## TABLE OF CONTENTS

*Page*

NATURE OF ACTION................................................................................................. 3

JURISDICTION, VENUE, and CONDITIONS PRECEDENT............................................ 5

THE PARTIES............................................................................................................ 6

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION........................................... 9

    A.        Plaintiff's Incarceration ........................................................... 25

    B.        Plaintiff's First Assault...........................................................10

    C.        Plaintiff's Second Assault.......................................................11

    D.        Plaintiff's Damages and Injuries................................................26

FIRST CAUSE OF ACTION

    *(42* U.S.C. § 1983;  Denial of Due Process under the Fifth, Sixth
    and Fourteenth  Amendments; Denial of Civil Rights and right to be free from
    Cruel and Unusual Punishment under the Eighth and Fourteenth
    Amendments; Defendants, CORRECTION
    OFFICER ABDULLA ABDULLA, CORRECTION
    OFFICER CHRISTOPHER ALEXANDER, AND JOHN AND JANE DOE
    CORRECTION OFFICERS OF SING SING CORRECTIONAL
    FACILITY ............................................................................................ 47

DAMAGES  DEMAND........................................................................................ 52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X     Index No.

BALDEMIRO LOPEZ,

                Plaintiff,

                                                     **COMPLAINT WITH**
    -against-                                             **JURY DEMAND**

CORRECTION OFFICER ABDULLA ABDULLA,
CORRECTION OFFICER CHRISTOPHER ALEXANDER,
AND JOHN AND JANE DOE CORRECTION OFFICERS
OF SING SING CORRECTIONAL FACILITY,

                       Defendants.
_____ X

      Plaintiff BALDEMIRO LOPEZ, by his Attorneys, the LAW OFFICE OF ANDREW C. LAUFER, PLLC, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## NATURE OF ACTION

      1.     This is a civil action, pursuant to 42 U.S.C. §1983 and 1988, seeking monetary damages for Plaintiff, BALDEMIRO LOPEZ ("Plaintiff", "LOPEZ"), due to injuries sustained during his imprisonment caused by the pervasive misconduct of CORRECTION OFFICER ABDULLA ABDULLA, CORRECTION OFFICER CHRISTOPHER ALEXANDER, AND JOHN AND JANE DOE CORRECTION OFFICERS OF SING SING CORRECTIONAL FACILITY ("Defendants").

      2.     Plaintiff, while incarcerated at Sing Sing Correctional Facility was viciously attacked and beaten by the individually named defendants on two separate occasions resulting in severe personal injuries requiring hospitalization, surgery, and mental health treatment.

3

3.      This lawsuit seeks to hold the Defendants responsible for these assaults and the injuries therein sustained by the Plaintiff.

4.      Defendants intentionally, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, encouraged, enforced, engaged, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things;

    a. Subjecting plaintiff to violence, harassment, and severe personal injuries;

    b. Selecting, retaining and assigning correction officers, civilian personnel and civilian volunteers to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees, arrestees, and inmates;

    c. Failing to take adequate security measures to protect detainees, arrestees, and inmates from unnecessary harm, including but not limited to, the following: Separation of detainees and arrestees from potentially violent or dangerous inmates or corrections personnel; use of security cameras to monitor violence within the facility; training correction officers, civilian personnel and civilian volunteers to monitor detainees and inmates and immediately respond to acts of violence, or threats of violence; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

    d. Failing to adequately train, supervise, and control correction officers, civilian employees or volunteers in the arts of law enforcement;

    e. Failing to adequately discipline correction officers or civilian employees involved in misconduct; and

f. Condoning, encouraging correctional officers and civilian employees in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

5.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants ordered, authorized, acquiesced in, tolerated, or permitted Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

## JURISDICTION, VENUE, and CONDITIONS PRECEDENT

6.    This action arises under 42 U.S.C. §§ 1983 and 1988.

7.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, and by principles of pendent jurisdiction.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9.    This action has been commenced within three years of the accrual of Plaintiffs causes of action.

10.    Plaintiff has duly complied with all of the condition's precedent to the commencement of this action.

**THE PARTIES**

11.     Plaintiff, BALDEMIRO LOPEZ, is a citizen and resident of the State of New York and of the United States, and resides within the Southern District of New York.

12.     Defendant, CORRECTION OFFICER ABDULLA ABDULLA, at all relevant times, was a corrections officer at the SING SING CORRECTIONAL FACILITY located at 354 Hunter St, Ossining, NY 10562, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York. He is sued in his individual capacity.

13.     Defendant CORRECTION OFFICER CHRISTOPHER ALEXANDER, at all relevant times, was a corrections officer at the SING SING CORRECTIONAL FACILITY located at 354 Hunter St, Ossining, NY 10562, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York. He is sued in his individual capacity.

14.     Defendant JOHN AND JANE DOE CORRECTION OFFICERS, at all relevant times, was a corrections officer at the SING SING CORRECTIONAL FACILITY located at 354 Hunter St, Ossining, NY 10562, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York. They are sued in his individual capacity.

15.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein the individually named Defendants possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of county detention facilities, including the SING SING CORRECTIONAL FACILITY located at 354 Hunter St, Ossining, NY 10562, and

6

concerning the means by which the life and safety of arrestees and detainees were to be secured, what criteria were to be used for placing arrestees and detainees in custody, what methods of placement of an arrestee or detainee in a jail cell were appropriate to safeguard the life and safety of the arrestee or detainee, the manner in which threats to the life and safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards were to be in place to prevent agents, servants, employees, inmates, arrestees, or detainees who posed a threat to others in the facility from being permitted physical access to those others, what actions were to be taken when an arrestee or detainee is attacked or injured while incarcerated within a county detention facility, and what methods of surveillance were to be used within each detention facility to insure immediate response to and prevention of incidents of violence occurring within jail cells.

16.     Plaintiff is ignorant of some of the true names and capacities of Defendants sued herein as JOHN AND JANE DOE CORRECTION OFFICERS, inclusive, and therefore sues these Defendants by such fictitious name. Plaintiff is informed, believes and alleges, that each of the fictitiously named Defendants' is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

17.     The reason why Plaintiff is ignorant of some of the true names and capacities of individual Defendants sued herein, inclusive, is that same have been unascertainable as of the date of filing of this complaint, as many of these OFFICERS may be deputies, sergeants,

captains, lieutenants, commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

18.    The individual Defendants were at all times mentioned herein duly appointed, qualified and acting officers under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

19.    Defendants with intentional conduct, deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things;

a. Subjecting persons in their jails to violence perpetrated by correction officers, other detainees, arrestees, or inmates.

b. Selecting, retaining and assigning correction personnel, civilian personnel and civilian volunteers to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees, arrestees and inmates;

c. Failing to take adequate security measures to protect detainees, arrestees and inmates from unnecessary harm, including but not limited to, the following: Allowing or condoning violence against detainees by correctional staff; separation of detainees and arrestees from potentially violent or dangerous inmates or corrections employees; use of security cameras to monitor violence within the facility; training deputies, civilian personnel and civilian volunteers to monitor detainees and inmates and immediately respond to acts of violence, or threats of violence; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

d. Failing to adequately train, supervise, and control correction personnel, civilian employees or volunteers in the arts of law enforcement;

8

e.   Failing to adequately discipline correction personnel or civilian employees involved in misconduct; and

f.   Condoning and encouraging correction personnel and civilian employees in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

20.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants ordered, engaged in, authorized, acquiesced in, tolerated, or permitted Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth herein.  Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

<b>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</b>

A.   <u>Plaintiff's Incarceration</u>

21.   While detained at the SING SING CORRECTIONAL FACILITY located at 354 Hunter St, Ossining, NY 10562, Plaintiff was assaulted, battered and beaten by Correctional Officers, including, but not limited to, upon information and belief, CORRECTION OFFICER ABDULLA ABDULLA, CORRECTION, OFFICER CHRISTOPHER ALEXANDER, AND JOHN AND JANE DOE CORRECTION OFFICERS OF SING SING CORRECTIONAL FACILITY.  The injuries include, but are not limited to, a dislocated shoulder and torn rotator cuff which resulted in corrective surgery.  Plaintiff is no longer incarcerated.

9

B.    Plaintiff's First Assault

22.    On or about September 1, 2020, plaintiff was notified he was being transferred from A block to B block at Sing Sing Correctional Facility. He was instructed that the transfer was to occur the evening of September 2, 2020.

23.    Plaintiff feared he was being "set-up" by some of the guards as they have harassed him in the past. As a result, plaintiff contacted his family at approximately 8:00 p.m. on September 1, 2020 to express his concerns and fear for his life.

24.    On September 2, 2020 at approximately at approximately 2:00p.m., a Sergeant Nunez entered his cell and ordered him to pack his belongings for the upcoming transfer.

25.    Plaintiff told Sergeant Nunez that he was unable to pack due to an unrelated injury. This injury caused him to wear a back brace and arm sling.

26.    Sergeant Nunez then packed the plaintiff's belongings and assigned porters to deliver them to plaintiff's new cell.

27.    That evening, as the plaintiff was proceeding to his new cell, he was stopped by a Correction Officer Lewis who inquired where he was headed.

28.    Defendant Correction Officers Abdulla and Anderson approached both plaintiff and Lewis. He ordered Lewis to leave.

29.    Immediately after Lewis's departure, Defendant Abdullah struck the plaintiff in the back of the head knocking him to the ground.

30.    Both defendants continued their assault of the plaintiff by kicking and beating him while he was on the ground. Plaintiff lost consciousness.

31.    Plaintiff then awoke in the shower after hearing a sergeant ordering both Abdullah and Anderson to stop beating him.

32.    Plaintiff was then brought to medical where it was noted he had lacerations to his shoulder and eyebrow as well as a painful lump located in the center of his back.

33.    The on-duty nurse then directed that plaintiff be brought to an outside hospital for an x-ray to rule out any fractures.   None were found.

34.    Defendant Abdullah, corroborated by Defendant Anderson, falsely claims that what precipitated the beating of the plaintiff, a forty-six (46) year-old man with multiple comorbidities, was that when he ordered the plaintiff back to his cell, plaintiff ran down the stairs and "punched him in the shoulder" which necessitated a use of force.

35.    The only force defendants admit to deploying was a "bear hug" and "placing" plaintiff on the ground.

36.    Plaintiff was given infraction tickets by Defendant Abdullah for Violent Conduct, Creating a Disturbance, Assault on Staff, Disobeying a Direct Order and Being Out of Place.

37.    Plaintiff was found not guilty of Violent Conduct, Creating a Disturbance, and Being Out of Place.  He was sentenced for the other infractions to 141 days in the Special Housing Unit or SHU.   Plaintiff appealed the infractions he was found guilty of.  No criminal charges were ever brought.

B.    Plaintiff's Second Assault

38.    On or about October 14, 2020 at approximately 7a.m., while in the SHU, plaintiff was once again approached by the defendants and handcuffed.

11

39.    While handcuffed, defendants punched and beat him.  During the altercation, his hand-cuffed arms were also lifted above his head further injuring his left shoulder.

40.    The brutal attacks suffered by Plaintiff were perpetrated by the defendant Correction Officers while in custody, and the incident occurred because of the deliberate indifference, gross negligence or reckless disregard of Defendants to the safety and security of Plaintiff.

41.    Defendant officers, sergeants, correction personnel, supervisors and civilian personnel recklessly and with deliberate indifference, failed to appropriately protect plaintiff, failed to maintain audio or visual surveillance of plaintiff, failed to immediately and appropriately respond to altercations which erupted into brutal attacks, and allowed the altercations and attacks to continue for an extended period of time, causing Plaintiff to suffer severe injury, resulting in a left shoulder rotator cuff tear and impingement, and severe psychological damage.

42.    As a result, on or about August 31, 2021, plaintiff did undergo left shoulder arthroscopy, rotator cuff repair, distal clavicle resection, and acromioplasty.  The surgery was performed by Dr. Johnathan Holder at Montefiore Mount Vernon Hospital.

C.         Plaintiff's Damages and Injuries

43.    Plaintiff's injuries and damages include, but are not limited to:

   (a)    Physical injuries, and exacerbation thereof, he suffered during assaults by defendants, and the mental and emotional effects of such assaults;

   (b)    Past and future mental and emotional injuries and suffering;

44.    The wrongful acts of the individual Defendants, were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against Defendants

in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

45.    Pursuant to 42 U.S.C. section 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## FIRST CAUSE OF ACTION

(42 U.S.C. §1983; Denial of Due Process under the Fifth, Sixth and Fourteenth Amendments; Denial of Civil Rights under the Fourth, Fifth, Eighth and Fourteenth Amendments; Cruel and Unusual Punishment; Defendants ABDULLA and ALEXANDER)

46.    Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

47.    The Defendants ABDULLA and ALEXANDER while acting under color of law, deprived Plaintiff of his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward Plaintiff's right to be free from unreasonable seizures, and afforded due process of law and by, among other things, the following acts:

a.    Placing Plaintiff in an area with officers who were extremely confrontational, without watching, monitoring or protecting Plaintiff;

b.    Placing Plaintiff in an area with officers, under circumstances which were conducive to the eruption of violence;

c.    Causing Plaintiff to remain in the area with confrontational and combative Officers when Defendants knew, or should have known, that altercations had erupted, further violence was imminent, and Plaintiff appeared to be injured.

d.      Not observing or protecting Plaintiff, or otherwise standing by and allowing brutal attacks on Plaintiff by defendants to occur and continue for an unreasonable period of time, resulting in unnecessary and severe injury to Plaintiff.

e.      Plaintiff is informed and believes that defendants were aware of the threat to Plaintiff based concurrent combative and aggressive behavior and harassment of by defenants towards plaintiff, intentionally, recklessly and with deliberate indifference, failed to take any security measures to protect plaintiff from multiple violent assault and battery.

48.      The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order.  The above acts and omissions were consciously chosen from among various alternatives.

49.      At all times relevant here, the individual Defendants were present and were charged with the constitutional duties of protection of Plaintiff and were charged with the duty to not knowingly, with wanton disregard, cause his life, health and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to Plaintiff that their actions and/or omissions placed him in.

50.      Each Defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent Plaintiff's injuries, and was compelled to do so under the laws of the State of New York and under the Constitution of the United States of America.  In deliberate indifference to the life and welfare of Plaintiff, each said Defendants intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from preventing, instigating, and intervening in the acts leading to Plaintiff's injuries.

14

51.    As a result thereof, Plaintiff's rights under the Fourth Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated.  As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

52.    The conduct of the defendants was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Defendants.

## DAMAGES DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a.    For compensatory damages;

b.    For punitive damages against the individual Defendants;

c.    For reasonable Attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

d.    For pre-judgment interest as allowed by law; and

e.    For such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            January 20, 2023

Andrew C. Laufer
Law Office of Andrew C. Laufer, PLLC
264 West 40th Street, Suite 604
New York, New York 10018
(212) 422-1020 (Phone)
(212) 422-1069 (Fax)
E-mail:  alaufer@lauferlawgroup.com
Attorney for the Plaintiff